**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| NOEL STUDIO, INC. and NANCY NOEL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:06-CV-208 |
| | § | |
| MARTHA EWELL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Pending before the court is the Plaintiffs' motion for attorneys' fees (docket entry #22).[1] The

Defendant did not file a response to the Plaintiffs' motion for attorneys' fees. Having considered

the Plaintiffs' motion, the court finds that the motion for attorneys' fees should be granted in part.

**ATTORNEYS' FEES**

On August 29, 2006, the court entered a default judgment and permanent injunction against

the Defendant. At the conclusion of the court's August 29, 2006 order, the court determined that the

Plaintiffs were entitled to recover their reasonable attorneys' fees and costs pursuant to 17 U.S.C.

§ 505 and 15 U.S.C. § 1117. The court stated that "[a]n award of attorneys' fees will be granted

following the filing of a Declaration and proposed order supplied by Plaintiffs within ten (10) days

after entry of this Judgment evidencing the amount of such fees." Default Judg. and Perm. Inj., p.

4.

In compliance with the court's directive, the Plaintiffs filed the "Declaration of John M. Cone

---

[1]Docket entry #22 is actually styled "Declaration of John M. Cone as to Amount of Attorneys'
Fees." The court construes the declaration as a motion for attorneys' fees.

as to Amount of Attorneys' Fees" on September 7, 2006.  Although the Defendant did not file an answer in this cause or otherwise appear, the Plaintiffs mailed a copy of the Declaration to the Defendant's counsel.  The Defendant, however, did not respond to the Plaintiffs' request for attorneys' fees and costs.

"'Although attorney's fees are awarded in the trial court's discretion, [in copyright cases] they are the rule rather than the exception and should be awarded routinely.'" *Alameda Films SA de CV v. Authors Rights Restoration Corp. Inc.*, 331 F.3d 472, 483 (5th Cir.), *cert. denied*, 540 U.S. 1048, 124 S.Ct. 814, 157 L.Ed.2d 696 (2003).  "Under 17 U.S.C. § 505 and 15 U.S.C. § 1117, a court may allow a prevailing party in a copyright infringement and unfair competition lawsuit to recover reasonable costs and attorneys' fees." *Id*. at 484.  Title 17 U.S.C. § 505 permits a prevailing party in a suit under the Copyright Act to recover "full costs" and "reasonable attorney's fees", while 15 U.S.C. § 1117 permits a plaintiff in a suit under the Lanham Act to recover "the costs of the action". *Id*. at 484 n. 37.

The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted).  First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Id*.  The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*.  Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8)

amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id.* at 192 n. 23, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

The Plaintiffs allege that they incurred attorneys' fees in the amount of $35,228.00 and seek reimbursement of the same.  Having considered the Plaintiffs' request for the recovery of their attorneys' fees in light of the lodestar and the *Johnson* factors, and in the absence of any opposition thereto by the Defendant,[2] the court hereby awards the Plaintiffs their attorneys' fees in the amount of $35,228.00.

## COSTS

The Plaintiffs further allege that they incurred costs in the amount of $3,716.39.  However, the Plaintiffs have already been awarded $1,098.60 in costs from a previously submitted bill of costs. Accordingly, the Plaintiffs now seek reimbursement for their remaining costs in the amount of $2,617.79.

The Plaintiffs seek reimbursement for the following:

1.      Courier fees;

2.      Copy expenses;

3.      Postage;

4.      Parking fees;

---

[2]"In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."  Local Rule CV-7(d).  Since the Defendant failed to file an opposition to the Plaintiffs' motion for attorneys' fees, the court will assume that the Defendant has no opposition to the Plaintiffs' motion.

5.      Travel expenses;

6.      Facsimile fees;

7.      Deposition fees;

8.      Telephone charges; and

9.      Investigative fees.

The recovery of costs is limited to those items listed in the cost statute, 28 U.S.C. § 1920.

Those statutory items are as follows:

1.      Fees of the clerk and marshal;

2.      Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3.      Fees and disbursements for printing and witnesses;

4.      Fees for exemplification and copies of papers necessarily obtained for use in the case;

5.      Docket fees under section 1923 of this title;

6.      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The vast majority of the Plaintiffs' requests are not recoverable under 28 U.S.C. § 1920. Additionally, the Plaintiffs failed to substantiate their request for costs with any documentation detailing the costs incurred. *See Warner Bros. Records, Inc. v. Briones*, 2005 WL 2645012, *2 (W.D. Tex. 2005), citing *Alameda Films SA de CV*, 331 F.3d at 484-85 (remaining citations omitted). Accordingly, all such costs are disallowed.

-4-

## <u>CONCLUSION</u>

Based on the foregoing, the Plaintiffs' motion for attorneys' fees (docket entry #22) is

**GRANTED IN PART**.  The Plaintiffs are awarded attorneys' fees in the amount of $35,228.00.

The Plaintiffs' request to recover their costs in the amount of $2,617.79 is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 27th day of October, 2006.**

_Richard A. Schell_

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE